IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

      Plaintiff,                    No. CIV S-09-1198 GGH P

  vs.

K. POOL, et al.,

      Defendants.           ORDER

_____/

        On May 27, 2009, plaintiff filed a request for reconsideration of the May 15, 2009, order dismissing his complaint with leave to amend. For the following reasons, this motion is denied.

<u>Standards For Motions To Reconsider</u>

        A request for reconsideration is directed to the sound discretion of the court. <u>See</u> <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C.Puerto Rico 1981). A party seeking reconsideration must brief the "new or different facts or circumstances" which were not shown previously "or what other grounds exist for the motion." Local Rule 78-230(k). This rule is grounded on the principle that decisions on legal issues made in a case should be followed unless there is substantially different evidence or new controlling authority, or the party demonstrates that the court's prior decision was clearly erroneous and resulted in injustice. <u>See</u>

Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir.1981).  A motion to reconsider is not a vehicle by which an unsuccessful party can "rehash" arguments or present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal.1991).

Discussion

In the complaint, plaintiff generally alleged that prison officials failed to process his administrative appeals.  In the May 15, 2009, order, the court found that plaintiff had not stated a colorable claim for violation of the right to access the courts because he alleged no actual injury.  The court found that the one lawsuit plaintiff claimed he could not prosecute because of his inability to exhaust administrative remedies had not been dismissed by the court for failure to exhaust.  The court found that plaintiff's other legal claims were not colorable.

In the request for reconsideration, plaintiff appears to state that he is only raising a claim for violation of the right to access the courts.  Plaintiff contends that his attempts to pursue lawsuits have been thwarted on many occasions by defendants' refusal to properly process his administrative appeals.  Plaintiff alleges that in the original complaint he also alleged that a habeas corpus petition was dismissed based on his failure to exhaust administrative remedies.

In reviewing the complaint, the court found that plaintiff had identified only one specific case allegedly impacted by defendants' failure to properly process his administrative appeals.  Because this case had not been dismissed for failure to exhaust, the court properly found that plaintiff failed to state a colorable claim for violation of the right to access the courts. Plaintiff did not identify with sufficient specificity any other actions allegedly impacted by defendants' conduct.  Because this court properly dismissed the original complaint with leave to amend, the motion for reconsideration is denied.

If plaintiff files an amended complaint, he must identify specific cases that were dismissed as a result of his inability to exhaust administrative remedies.  Plaintiff must describe the types of cases that were dismissed, in what court they were filed and when they were

<5B>

1  dismissed.  Plaintiff may not generally allege that cases were dismissed.

2  Accordingly, IT IS HEREBY ORDERED that:

3  1.  Plaintiff's May 27, 2009, motion for reconsideration (no. 8) is denied;

4  2.  Plaintiff is granted thirty days from the date of this order to file an amended

5  complaint; failure to file an amended complaint within that time will result in a recommendation

6  of dismissal of this action.

7  DATED: June 15, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kly
aver1198.851