IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

        Plaintiff,                    No. CIV S-09-1198 GGH P

    vs.

K. POOL, et al.,

        Defendants.           <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding pro se. On May 8, 2009, plaintiff filed a form consenting to the jurisdiction of the undersigned.

        Pending before the court is the amended complaint filed July 14, 2009.

        Named as defendants are Appeals Coordinators K. Pool and I. O'Brian and their supervisor, R. Carter. Plaintiff alleges that defendants failed to properly process his administrative appeals. Plaintiff alleges three legal claims. First, plaintiff alleges that defendants violated his right to access the courts in violation of the First Amendment. Second, plaintiff alleges that defendants violated his right to due process by failing to properly process his administrative appeals. Third, plaintiff alleges that defendants failed to properly process his administrative appeals in retaliation for plaintiff filing staff complaints against them.

/////

The court first considers plaintiff's claim alleging that defendants violated his right to access the courts. Plaintiff alleges that the failure of defendants Pool and O'Brian to properly process his administrative appeals led to the dismissal of his action by the Superior Court. Amended Complaint, p. 24. Plaintiff alleges that the Superior Court dismissed his case based on his failure to exhaust administrative remedies and as time barred. Amended Complaint, pp. 27-28. Plaintiff alleges that had defendants properly processed his appeals, the Superior Court would not have found the petition unexhausted and untimely. The court finds that these allegations state a colorable claim against defendants Pool and O'Brian.

Plaintiff does not allege that any direct action by defendant Carter, the supervisor of defendants Pool and O'Brian, caused the Superior Court to dismiss his action.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

2

941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendant Carter to the access to the courts claim, this claim against defendant Carter is dismissed.

Plaintiff alleges that defendants Pool and O'Brian retaliated against him for filing staff complaints against him by failing to properly process his administrative grievances. These allegations state a colorable retaliation claim against these defendants.

Plaintiff alleges that defendant Carter did not adequately investigate his retaliation claims against defendants Pool and O'Brian. Plaintiff does not allege that defendant Carter was motivated by retaliation. A claim that defendant failed to investigate alleged retaliation does not state a colorable constitutional claim. Accordingly, this claim against defendant Carter is dismissed.

Plaintiff alleges that the failure of defendants O'Brian and Pool to properly process his administrative appeals violated his right to due process. Plaintiff alleges that defendant Carter's failure to investigate the alleged mishandling of his appeals by defendants O'Brian and Pool violated his due process rights.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)). For this reason, plaintiff has not stated a colorable due process claim.

On June 18, 2009, plaintiff filed a motion to stay this action pending a ruling on his request for reconsideration. On June 16, 2009, the court denied plaintiff's request for reconsideration. Accordingly, the motion to stay is denied as unnecessary.

\\\\\

\\\\\

In accordance with the above, IT IS HEREBY ORDERED that:

1. All claims against defendant Carter are dismissed; plaintiff's due process claim against defendants O'Brian and Pool are dismissed;

2. Service is appropriate for the following defendants: Pool, O'Brian.

3. The Clerk of the Court shall send plaintiff 2 USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed July 14, 2009.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Three copies of the endorsed amended complaint filed July 14, 2009.

5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. Plaintiff's motion to stay (no. 10) is denied.

DATED: August 17, 2009

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

av1198.am

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

      Plaintiff,                    No. CIV S-09-1198 GGH P

   vs.

K. POOL, et al.,                    NOTICE OF SUBMISSION

      Defendants.             OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      ____ completed summons form

      ____ completed USM-285 forms

      ____ copies of the _____
                        Complaint/Amended Complaint

DATED:

_____
Plaintiff